IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Josephine F. Cannon, | ) | C/A No. 0:19-3571-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social | ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, | ) | |
| | ) | ☒ Affirmed |
| Defendant. | ) | ☐ Reversed and Remanded |
| | ) | |

      This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's request to waive recovery of an overpayment of retirement benefits paid to the plaintiff.

**Part I—Plaintiff seeks:**

☒     Waiver of Recovery of Overpayment
       From:  <u>March 2002 to November 2016</u>    Amount:  <u>$128,762.00</u>[1]

**Part II—Waiver of Recovery Generally**

      Pursuant to 20 C.F.R. § 404.506,[2] waiver of the Commissioner's right to recover overpayments will occur "in any case where an overpayment under title II has been made to an individual who is without fault if . . . recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience." 20 C.F.R. 404.506(a). The overpaid individual bears the burden of demonstrating she meets this standard. See <u>Gatewood v. Astrue</u>, No. CIV. JKS-08-1744, 2011 WL 939027, at *2 (D. Md. Mar. 16, 2011) (quoting <u>Valente v. Sec'y of HHS</u>, 733 F.2d 1037, 1042 (2d Cir. 1984) and <u>Harrison v. Heckler</u>, 746 F.2d 480, 482 (9th Cir. 1984)). Even when the Commissioner has some fault in making the overpayment, the overpaid individual is still liable for repayment if the individual is not without fault. <u>See</u> 20 C.F.R. § 404.507. In determining whether an individual is at fault consideration will be given to "all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has." <u>Id.</u> An individual is not "without fault" if the overpayment resulted from:
    (a) An incorrect statement made by the individual which [s]he knew or should have known to be
    incorrect; or
    (b) Failure to furnish information which [s]he knew or should have known to be material; or
    (c) With respect to the overpaid individual only, acceptance of a payment which [s]he either knew
    or could have been expected to know was incorrect.
<u>Id.</u>

---

[1] As of May 31, 2018, the remaining balance of the overpayment with adjustments was $37,900.00. (Tr. 11 n.1, 89.)

[2] Sections 404.506 and 404.507 were amended effective August 27, 2020 to address certain overpayments that accrued during the COVID-19 pandemic period, which are not applicable here.

## Part III—Administrative Proceedings

Date of ALJ Decision: December 19, 2018

In denying the plaintiff's request for waiver, the ALJ found:

1. The claimant was overpaid benefits in the amount of $128,762.00 during the period from March 2002 to November 2016.

2. The claimant was at fault in causing the overpayment.

3. Recovery of the overpayment is not waived, and the claimant is liable for repayment of $128,762.00 during the period March 1, 2002 to November 30, 2016.

Date of Appeals Council decision: September 1, 2019

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's decision. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## Part IV—Issues for Judicial Review

Whether the ALJ's decision is supported by substantial evidence.

## Oral Argument

☐ **Held on** _____

☒ **Not necessary for disposition**

**Summary of Reasons**[3]

On November 27, 2016, the Commissioner notified the Plaintiff that she had been overpaid disability benefits in the amount of $128,762.00 from March 2002 to November 2016. (Tr. 11.) The overpayment was the result of the Plaintiff's simultaneous receipt of both Social Security disability benefits and federal workers' compensation benefits during this time. Thereafter, the Plaintiff requested a waiver of the overpayment, indicating that she was not at fault in causing the overpayment. The ALJ considered the Plaintiff's claim and found that the Plaintiff was at fault in causing the overpayment and denied her request.

There is no dispute that the Plaintiff was overpaid benefits during the applicable time period as a result of her federal workers' compensation benefits. See 20 C.F.R. § 404.408. However, the Plaintiff argues that the ALJ erred in finding that she was at fault in creating her overpayment. The Plaintiff concedes that she "was certainly informed by the Social Security Administration of her reporting responsibilities when she was approved for benefits in 2001." (Pl.'s Br. at 6, ECF No. 22 at 6.) The Plaintiff argues that based on her mental deficiencies she was not able to understand, appreciate, or comply with these requirements without being reminded. In support of her position, the Plaintiff directs the court to a July 2018 opinion from her treating psychiatrist, Dr. Sarah Book, indicating that the Plaintiff was diagnosed with "Post Traumatic Stress Disorder (related to trauma she experienced while working for the United States Postal Service), Attention Deficient Disorder, and Bipolar Disorder." (Tr. 115.) Dr. Book further stated as follows:

---

[3] The court notes that the Plaintiff's Reply Brief *does not respond* to any of the Commissioner's arguments offered in his Response Brief; rather, it appears to simply be a verbatim refiling of the majority of the Plaintiff's initial brief. (Compare Pl.'s Br. at 1-7, ECF No. 22 at 1-7 with Pl.'s Reply at 1-7, ECF No. 35 at 1-7.)

> In my opinion, her combination of disorders has resulted in her being easily overwhelmed and having difficulty with mood regulation. She especially has difficulty in stressful situations. When in one of these situations, she becomes depressed, tearful and cannot function normally. Specifically, she cannot get out of the bed and has trouble confronting the people or person who have caused her stress.

(Id.) The Plaintiff further points to a November 2018 letter from the Plaintiff's therapist, Pat Felker, indicating that the Plaintiff had been her patient for five years and that she provided therapy and trauma treatment to the Plaintiff. (Tr. 117.)[4] Ms. Felker stated that the Plaintiff had improved to the point of only requiring maintenance treatment until last year when she experienced a change in her financial situation that caused emotional distress, stress, and anxiety. (Id.) Ms. Felker opined that the Plaintiff would benefit from resumption of her financial stability long term. (Id.)

Upon careful review of the ALJ's decision and the record in this matter, the court finds that the Plaintiff has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence or controlled by an error of law. The ALJ specifically considered the Plaintiff's argument that her psychological impairments prevented her from understanding her reporting responsibilities and found the argument not convincing. (Tr. 13) (citing the opinion evidence from Dr. Book and Ms. Felker). The ALJ observed that the Plaintiff "managed her finances independently and there is no documented loss of cognitive ability." (Id.) Contrary to the Plaintiff's arguments, the opinion evidence from Dr. Book and Ms. Felker does not suggest that this finding was unsupported by substantial evidence. (See also Def.'s Br. at 11, ECF No. 30 at 11.)

Further, to the extent that the Plaintiff relies on her testimony that she believed that the governmental entity overseeing the workers' compensation benefits would inform the Social

---

[4] The court observes that this record was missing from the original transcript, but it was provided when the transcript was supplemented on December 11, 2020. (ECF No. 29.)

Security Administration of her increases in benefits over time, the ALJ reasonably found that such an argument did not relieve the Plaintiff of her reporting responsibilities.  Cf. In re Tucker, 539 B.R. 861, 867-68 (Bankr. D. Idaho Oct. 14, 2015) ("Obtaining [notice of earnings] from employment data is not only cumbersome but significantly untimely.  Debtor's observations that both the SSA and the IRS are agencies of the United States is far too facile and assumptive to be given weight.  And, even if the SSA could obtain and mine data to try and determine whether a given individual was working, that does not negate the clear and unambiguous requirement placed on the individual that, as a condition to receiving disability benefits, he timely advise the SSA about the status of his disability and about ongoing changes in employment.").

Based on the foregoing, the Plaintiff has failed to demonstrate that remand is warranted in this matter.

**ORDER**

☒ **Affirmed.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐ **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
February 10, 2021                         Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE